UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GREGORY LAPORTA,

    Plaintiff,

v.

BANK OF AMERICA, *et al.*,

    Defendants.

Case No. 2:11-CV-01094-KJD-CWH

**ORDER**

    Presently before the Court is Defendants' Motion to Dismiss (#8).  Plaintiff filed a response in opposition (#11) to which Defendants replied (#12).

I.  Background

    Plaintiff obtained a mortgage loan on or about February 27, 2008.  On or about July 14, 2008, the beneficial interest in the loan was transferred from the original lender to Countrywide Bank.  Countrywide Bank was subsequently purchased by Bank of America.  Thereafter the loan was serviced by Bank of America.  On or about July 24, 2010, Plaintiff drafted and mailed to Bank of America a document he titled "Qualified Written Request – Dispute of Debt/Validation of Debt." ("the Letter").  Bank of America's customer service center acknowledged receipt of the Letter on July 27, 2010.  On July 28, 2010, Bank of America sent all available loan documents and payment

history to Plaintiff.  On August 20, 2010, Bank of America provided a more detailed response to the Letter, but also declined to respond to every request in the Letter, calling it overbroad.

Plaintiff alleges that while it serviced the loan Bank of America failed to report any of his mortgage payments to credit reporting agencies.  Plaintiff alleges that this affected his credit rating and that he was declined for two credit cards for lack of credit history and current accounts.  On July 1, 2011, Plaintiff filed the present complaint asserting a cause of action for violations of the Real Estate Settlement Procedures Act and a cause of action for violation of the Fair Credit Reporting Act ("FCRA").  Defendants have now moved to dismiss both causes of action.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."  Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Consequently, there is a strong presumption against dismissing an action for failure to state a claim.  See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  Id. at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III. Analysis

    A.  RESPA

12 U.S.C. § 2605(e)(1) imposes an obligation on loan servicers to respond to written correspondence that includes enough information for the servicer to identify the name and account of the borrower.  The request must also include a statement of the reasons the borrower believes that the account is in error.  Here, the Court finds that Plaintiff has not stated a claim for relief, because Plaintiff's six (6) page request does not include a statement that puts the servicer on notice of what reasons the account might be in error.  While the Letter does state that Plaintiff disputes the validity of the debt he owes because Defendants and other servicers and lenders had been accused of predatory lending, Plaintiff identified no specific reason that he believed that his account was in error.  He included a list of seven reasons that he believed his account could be in error, but did not specifically state that it was his belief that anything in the account was actually in error.  Most significantly, the Letter fails to assert that Defendants had failed to report his mortgage payments on LaPorta's credit report as alleged in the complaint.

Furthermore, even if the overbroad letter was sufficient, Plaintiff has not stated a claim for actual or statutory damages.  Plaintiff asserts that he was denied credit and that the failure to report hurt his credit rating.  However, this statement of damages is too speculative and tangential to the QWR to state a claim.  Plaintiff's credit rating and denial of credit may or may not be related to the alleged failure to accurately report Plaintiff's payments.  However, the damage is not related at all to the alleged failure to respond to the QWR, because the QWR does not reference this issue at all.

Finally, Plaintiff's allegation that Defendants failed to respond to his sole QWR is insufficient to establish a "pattern or practice" of RESPA violations supporting statutory damages.  See Morris v. Bank of America, 2011 WL 250325, *5, n.9 (N.D. Cal. Jan. 26, 2011).  Accordingly, the Court dismiss Plaintiff's claims for violation of RESPA.

### B. FCRA

In response to the motion to dismiss, Plaintiff failed to file any points and authorities in opposition to Defendants' motion. Therefore, good cause being found and in accordance with Local Rule 7-2(d), the Court dismisses Plaintiff's claims under the FCRA. Furthermore, on the merits, the Court finds that Plaintiff has failed to state a claim. Section 1681s-2(a) of the FCRA may not be privately enforced. See Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059-60 (9th Cir. 2002)(furnishers' duties do not arise until a credit reporting agency notifies them of a consumer's dispute). Accordingly, Plaintiff's claims arising under the FCRA are denied.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#8) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 20th day of March 2012.

_____
Kent J. Dawson
United States District Judge