1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **DISTRICT OF NEVADA**

9

10 GREGORY LAPORTA,

11       Plaintiff,                        Case No. 2:11-CV-01094-KJD-CWH

12 v.                                    **ORDER**

13 BANK OF AMERICA, *et al*.,

14       Defendants.

15

16       Presently before the Court is Defendants' Motion to Dismiss (#8).  Plaintiff filed a response

17 in opposition (#11) to which Defendants replied (#12).

18 I.  Background

19       Plaintiff obtained a mortgage loan on or about February 27, 2008.  On or about July 14, 2008,

20 the beneficial interest in the loan was transferred from the original lender to Countrywide Bank.

21 Countrywide Bank was subsequently purchased by Bank of America.  Thereafter the loan was

22 serviced by Bank of America.  On or about July 24, 2010, Plaintiff drafted and mailed to Bank of

23 America a document he titled "Qualified Written Request – Dispute of Debt/Validation of Debt."

24 ("the Letter").  Bank of America's customer service center acknowledged receipt of the Letter on

25 July 27, 2010.  On July 28, 2010, Bank of America sent all available loan documents and payment

26

1   history to Plaintiff.  On August 20, 2010, Bank of America provided a more detailed response to the

2   Letter, but also declined to respond to every request in the Letter, calling it overbroad.

3         Plaintiff alleges that while it serviced the loan Bank of America failed to report any of his

4   mortgage payments to credit reporting agencies.  Plaintiff alleges that this affected his credit rating

5   and that he was declined for two credit cards for lack of credit history and current accounts.  On July

6   1, 2011, Plaintiff filed the present complaint asserting a cause of action for violations of the Real

7   Estate Settlement Procedures Act and a cause of action for violation of the Fair Credit Reporting Act

8   ("FCRA").  Defendants have now moved to dismiss both causes of action.

9   II.  Standard for a Motion to Dismiss

10        In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as

11  true and construed in a light most favorable to the non-moving party."  Wyler Summit Partnership v.

12  Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

13  Consequently, there is a strong presumption against dismissing an action for failure to state a claim.

14  See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

15        "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

16  as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937,

17  1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the

18  context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to

19  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

20        The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the

21  allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations

22  which are legal conclusions, bare assertions, or merely conclusory.  Id. at 1949-51.  Second, the

23  Court considers the factual allegations "to determine if they plausibly suggest an entitlement to

24  relief."  Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion

25  to dismiss. Id. at 1950.

26

1    III. Analysis

2        A.  RESPA

3        12 U.S.C. § 2605(e)(1) imposes an obligation on loan servicers to respond to written

4    correspondence that includes enough information for the servicer to identify the name and account of

5    the borrower.  The request must also include a statement of the reasons the borrower believes that the

6    account is in error.  Here, the Court finds that Plaintiff has not stated a claim for relief, because

7    Plaintiff's six (6) page request does not include a statement that puts the servicer on notice of what

8    reasons the account might be in error.  While the Letter does state that Plaintiff disputes the validity

9    of the debt he owes because Defendants and other servicers and lenders had been accused of

10   predatory lending, Plaintiff identified no specific reason that he believed that his account was in

11   error.  He included a list of seven reasons that he believed his account could be in error, but did not

12   specifically state that it was his belief that anything in the account was actually in error.  Most

13   significantly, the Letter fails to assert that Defendants had failed to report his mortgage payments on

14   LaPorta's credit report as alleged in the complaint.

15       Furthermore, even if the overbroad letter was sufficient, Plaintiff has not stated a claim for

16   actual or statutory damages.  Plaintiff asserts that he was denied credit and that the failure to report

17   hurt his credit rating.  However, this statement of damages is too speculative and tangential to the

18   QWR to state a claim.  Plaintiff's credit rating and denial of credit may or may not be related to the

19   alleged failure to accurately report Plaintiff's payments.  However, the damage is not related at all to

20   the alleged failure to respond to the QWR, because the QWR does not reference this issue at all.

21       Finally, Plaintiff's allegation that Defendants failed to respond to his sole QWR is

22   insufficient to establish a "pattern or practice" of RESPA violations supporting statutory damages.

23   See Morris v. Bank of America, 2011 WL 250325, *5, n.9 (N.D. Cal. Jan. 26, 2011).  Accordingly,

24   the Court dismiss Plaintiff's claims for violation of RESPA.

25

26

3

1    B.  FCRA

2         In response to the motion to dismiss, Plaintiff failed to file any points and authorities in

3    opposition to Defendants' motion.  Therefore, good cause being found and in accordance with Local

4    Rule 7-2(d), the Court dismisses Plaintiff's claims under the FCRA.  Furthermore, on the merits, the

5    Court finds that Plaintiff has failed to state a claim.  Section 1681s-2(a) of the FCRA may not be

6    privately enforced.  See Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059-60 (9th

7    Cir. 2002)(furnishers' duties do not arise until a credit reporting agency notifies them of a

8    consumer's dispute).  Accordingly, Plaintiff's claims arising under the FCRA are denied.

9    IV.  Conclusion

10        Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#8) is

11   **GRANTED**;

12        IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants

13   and against Plaintiff.

14        DATED this 20th day of March 2012.

15

16

17   _____
     Kent J. Dawson
18   United States District Judge

19

20

21

22

23

24

25

26

4